# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOOD | CASE NO. 1:10-cv-01556-SKO PC |
|              Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
|   v. | |
| DR. R. GOSHGARIAN, | (Doc. 1) |
|              Defendant. | THIRTY-DAY DEADLINE |

_____/

## Screening Order

### I.    Screening Requirement and Standard

Plaintiff Steve Wood, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff was incarcerated when he filed suit.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.  Plaintiff's Complaint

### A.  Summary of Claim

The events at issue in this action allegedly occurred while Plaintiff was incarcerated at Avenal State Prison. Plaintiff alleges that Defendant R. Goshgarian, a dentist, provided him with emergency treatment for a broken tooth on February 5, 2010. However, Defendant Goshgarian extracted only half of the tooth and left the nerve and root exposed. Plaintiff alleges that he was in extreme pain until Defendant Goshgarian saw him again on February 11, 2010, and extracted the other half of the tooth.

### B.  Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two-part test requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction

of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference," and it may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060 (internal quotations omitted)).

### C.   Discussion

Plaintiff's allegations fall short of stating a plausible claim for relief against Defendant Goshgarian. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The mere possibility that Defendant Goshgarian committed misconduct is insufficient to support a claim, Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969, and the facts as alleged do not show that Defendant Goshgarian *knowingly* disregarded a substantial risk of harm to Plaintiff's health, Farmer, 511 U.S. at 837. To the extent that Plaintiff merely disagreed with the prescribed course of treatment, that disagreement will not support a claim under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Further, although Plaintiff had a protected right not to needlessly suffer pain, his allegations do not demonstrate that Defendant Goshgarian was aware he was in severe pain between appointments but failed to provide any care. Toguchi, 391 F.3d at 1057.

1  **III.    Conclusion and Order**

2      Plaintiff's complaint fails to state a claim upon which relief may be granted under section

3  1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

4  deficiencies identified by the Court in this order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

5  2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature

6  of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d

7  605, 607 (7th Cir. 2007) (no "buckshot" complaints).

8      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

9  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129

10  S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

11  a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

12      Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

13  F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

14  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

15  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

16  amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

17  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

18      Based on the foregoing, it is HEREBY ORDERED that:

19      1.    The Clerk's Office shall send Plaintiff a complaint form;

20      2.    Plaintiff's complaint, filed August 30, 2010, is dismissed for failure to state a claim

21            upon which relief may be granted under section 1983;

22      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

23            amended complaint; and

24  ///

25  ///

26  ///

27  ///

28  ///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:      July 5, 2011**                              _____/s/ Sheila K. Oberto_____
                                                         UNITED STATES MAGISTRATE JUDGE